UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

KEYERA WALLACE,

        Plaintiff,

   v.                                            Case No. 25-cv-325-pp

SAM FISHER,

        Defendant.

---

**ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 9)**

---

      Plaintiff Keyera Wallace, who is representing herself, filed this case alleging that the defendant, an employee of the Elm Grove Police Department, violated her civil rights. Dkt. No. 1. The court granted the plaintiff's motion for leave to proceed without prepaying the filing fee and allowed her to proceed against the defendant "on claims that he violated her Fourth Amendment rights by falsely arresting her without probable cause, by using excessive force against her and by making a false statement which caused her to be detained without probable cause." Dkt. No. 4 at 9. The plaintiff later filed this motion asking the court to appoint a lawyer to represent her. Dtk. No. 9. Her motion says, "I, Keyera Wallace, is requesting an attorney. I do not want to represent myself and dont have the means to hire my own, I would love to be appointed a attorney for case 25-CV-325" Dkt. No. 9 (as in original).

1

In a civil case, the court has discretion to recruit a lawyer for individuals who cannot afford to hire one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it [herself]?'" Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021) (quoting Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007)). And, given the scarcity of *pro bono* counsel resources, the court may also consider the merits of a plaintiff's claim and what is at stake. Watts v. Kidman, 42 F.4th 755, 763-64 (7th Cir. 2022).

To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. Pickett v. Chi. Transit Auth., 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." Eagan, 987 F.3d at 682. To demonstrate she satisfied the first prong, the plaintiff must show that she contacted at least three lawyers and provide the court with (1) the lawyers'

names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." Eagan, 987 F.3d at 682. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." Id. This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." Id. at 490-491. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." Id. at 491. In situations where the plaintiff files her motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." Pickett, 930 F.3d at 871.

As the court explained to the plaintiff at the December 8, 2025 scheduling conference, the plaintiff has not shown that she has made a good faith effort to find an attorney on her own. She has not stated that she contacted any attorneys or provided to the court any proof that she contacted

3

any attorneys. Even if she had provided the court with proof that she'd contacted lawyers, she has not demonstrated that at this early stage of the case, she cannot represent herself. The plaintiff's case is not complicated; she explained it in her complaint and the court was able to understand her claims. The complaint was clear and easy to follow.

The court concludes that the plaintiff will be able to conduct discovery. Discovery is nothing more than asking the defendant to answer questions (interrogatories), provide documents (requests for production of documents) and admit facts (requests for admission). Once the parties have completed discovery, the defendant will decide whether to file a motion for summary judgment. Until then, the court believes the plaintiff can manage on her own, meet deadlines and communicate with the opposing counsel and the court. The court will deny the plaintiff's motion to appoint counsel without prejudice, which means the plaintiff may renew the motion at a later stage in the case.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Dkt. No. 9.

Dated in Milwaukee, Wisconsin this 9th day of December, 2025.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**