UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

KEYERA WALLACE,

Plaintiff,

v. Case No. 25-cv-325-pp

SAM FISHER,

Defendant.

---

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 30) AND EXTENDING THE DEADLINE FOR THE PLAINTIFF TO RESPOND TO THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DKT. NO. 22)**

---

Plaintiff Keyera Wallace, who is representing herself, filed this case alleging that the defendant, an employee of the Elm Grove Police Department, violated her civil rights. Dkt. No. 1. The court granted the plaintiff's motion for leave to proceed without prepaying the filing fee and allowed her to proceed against the defendant "on claims that he violated her Fourth Amendment rights by falsely arresting her without probable cause, by using excessive force against her and by making a false statement which caused her to be detained without probable cause." Dkt. No. 4 at 9. The plaintiff subsequently filed a motion asking the court to appoint a lawyer to represent her; all she told the court was that she didn't want to represent herself and that she didn't have the means to hire a lawyer. Dkt. No. 9.

The court denied the plaintiff's first motion to appoint counsel. Dkt. No. 18. In its order, it explained to her that before the court could even consider

whether to appoint a lawyer for her, she had to show that she had "contacted at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses." Id. at 2-3. If the plaintiff made that showing, the court said, it would then consider the complexity of the case and the plaintiff's ability to litigate her claims herself. Id. at 3.

The court then said:

> As the court explained to the plaintiff at the December 8, 2025 scheduling conference, the plaintiff has not shown that she has made a good faith effort to find an attorney on her own. She has not stated that she contacted any attorneys or provided to the court any proof that she contacted any attorneys. Even if she had provided the court with proof that she'd contacted lawyers, she has not demonstrated that at this early stage of the case, she cannot represent herself. The plaintiff's case is not complicated; she explained it in her complaint and the court was able to understand her claims. The complaint was clear and easy to follow.
>
> The court concludes that the plaintiff will be ablet to conduct discovery. Discovery is nothing more than asking the defendant to answer questions (interrogatories), provide documents (requests for production of documents) and admit facts (requests for admission). Once the parties have completed discovery, the defendant will decide whether to file a motion for summary judgment. Until then, the court believes the plaintiff can manage on her own, meet deadlines and communicate with opposing counsel and the court. The court will deny the plaintiff's motion to appoint counsel without prejudice, which means the plaintiff may renew the motion at a later stage in the case.

Id. at 3-4.

The court issued its order denying the plaintiff's first motion to appoint counsel on December 9, 2025—nine months ago. At that point, the court had *twice* told the plaintiff that before it would consider whether to appoint her a lawyer, she must show that she had tried to find a lawyer on her own. It

appears that the plaintiff participated in discovery—she filed electronic exhibits with the court (Dkt. No. 21), even though she was required to provide those exhibits to defense counsel, not file them with the court.

On July 22, 2026, the defendant filed a motion for summary judgment and supporting documents. Dkt. Nos. 22-28 and, a few days later, filed electronic exhibits. The defendant's motion asks the court to dismiss the case because the defendant believes that neither the law nor the facts support the plaintiff's claims. Under the court's December 9, 2025 scheduling order (Dkt. No. 17), if the plaintiff wanted to oppose that motion, she was required to do so within thirty days—that is, by August 21, 2026. The court received nothing from the plaintiff by August 21, so on August 24, the court issued an order speculating that perhaps (because she is representing herself), the plaintiff didn't realize that she needed to file a response by August 21, and extending her deadline for responding until September 8, 2026. Dkt. No. 29.

The court did not receive anything from the plaintiff by September 8, 2026. But on September 11, 2026—three days *after* the extended deadline—the court received from the plaintiff this second motion asking the court to appoint counsel to represent her. Dkt. No. 30. The motion is brief; it says:

> I Keyera Wallace is requesting an appointed attorney due to the lack of knowledge with representing myself. Im currently homeless at the moment its hard to keep up with mail etc. Finding one of my own has been very difficult due to intimidation of who Im up against.

Id. (as in original). The plaintiff ends the motion by providing the court with a post office box mailing address. Id.

Again, the plaintiff has not followed the court's instructions. Although she implies that she has been trying to find a lawyer on her own—"[f]inding one of my own has been very difficult"—she has not provided the court with any evidence showing that she has tried to find a lawyer on her own. At the very least, she could have told the court the names of any lawyers she's talked to—she did not. She could have provided their addresses and explained when she tried to reach them—she did not. She says only that it has been difficult for her to find "one" herself due to "intimidation."

Even if the plaintiff had followed the court's instructions and demonstrated that she had tried to hire an attorney on her own, the court would not appoint counsel to represent her at this stage. The court still would have to consider the complexity of the plaintiff's claims and her ability to litigate them. The court would have to "examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." Id. This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." Id. at 490-91. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and

any other characteristics that may limit the plaintiff's ability to litigate the case." Id. at 491.

The fact that the defendant is temporarily homeless likely makes litigation more difficult. But she has a post office box, so she can receive and send mail. She can use libraries if she needs a computer. She is not even required to type her filings—the plaintiff has good, clear, printed handwriting that is easy to read. Her literacy skills appear to be good—her filings are clear and easy to follow. The court has no indication that the plaintiff has intellectual or psychological limitations. The complaint that she filed back in March of 2025 was detailed, clear and easy to understand.

The next step in the process is for the plaintiff to respond to the defendant's motion for summary judgment, if she wants to do so. She can write a brief, explaining to the court why she believes that the court should not dismiss the case and describe why she thinks the defendant's arrest of her was false and why she thinks the force he used on her was unreasonable. The brief does not have to use fancy legal language or include case citations; the plaintiff simply can explain why she believes the court should not dismiss the case.

As the court's local rules require, the defendant has filed proposed findings of fact. Dkt. No. 24. The plaintiff must respond to each of those seventy-five proposed findings by either telling the court that the proposed finding is undisputed or by telling the court that she disagrees with the fact and pointing the court to evidence supporting her disagreement, including any of the evidence that she filed electronically with the court. That evidence also

can include a truthful affidavit from the plaintiff herself; at the end of such a declaration, she can write, "18 U.S.C. §1746. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on [the date she signs it]." Then she can sign the declaration.

The court will mail to the plaintiff the defendant's motion for summary judgment (which includes the rules that govern such motions) and the defendant's supporting materials. The defendant's certificate of service indicates that on July 22, 2026, he mailed the summary judgment materials—including the electronic exhibits on a flash drive—to the plaintiff at an address on North 55th Street in Milwaukee. Dkt. No 28. If the plaintiff wishes to view the electronic exhibits filed with the court, she may come to the clerk's office (U.S. Courthouse and Federal Building, 517 E. Wisconsin Avenue, Rm. 362, Milwaukee, WI 53202) to do so. The court will give the plaintiff a final extension of time to respond to the defendant's motion for summary judgment. If she wants to oppose the motion in the way the court described above, she *must* file her opposition by the deadline the court sets below. If she does not file her opposition by the deadline the court sets, the court will consider and decide the defendant's motion without any input from the plaintiff.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's second motion to appoint counsel. Dkt. No. 30.

The court **ORDERS** that if the plaintiff wishes to oppose the defendant's motion for summary judgment, she must file her opposition materials as described in this order no later than the end of the day on **October 30, 2026**.

If the court does not receive opposition materials from the plaintiff by the end of the day on October 30, 2026, the court will consider and decide the defendant’s motion for summary judgment without input from the plaintiff.

Dated in Milwaukee, Wisconsin this 16th day of September, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**